PORTER ET AL. *v.* DOPPES ET AL.

PORTER ET AL. *v.* DOPPES ET AL.

*Partition — Action to annul — Fraud — Dual capacity of attorneys — Burden and degree of proof — Parties — Action to recover assets of estate.*

1. Partition proceedings will not be set aside as constructively fraudulent because of the fact that the same attorney or his associates acted for both plaintiffs and defendants in the proceeding, where it appears that plaintiffs received their fair share of the property.

2. In an action to set aside partition proceedings because of fraud the burden is upon the plaintiffs to establish fraud by clear and convincing evidence.

3. Only where there is collusion between the administrator and defendants may the heir or next of kin of the deceased bring an action to recover assets of the estate, joining the administrator as a party defendant.

(Decided January 5, 1920.)

ERROR: Court of Appeals for Hamilton county.

*Messrs. Baker & Baker,* for plaintiffs in error.

*Messrs. Dolle, Taylor, O'Donnell & Geisler,* for defendants in error.

SHOHL, P. J.   These two cases are error proceedings that were heard together, involving property rights of the members of the family of John Bernard Doppes.   He was the founder of a lumber business started about fifty years ago.   In 1902, or 1903, he became paralyzed and turned over the business to his three sons, J. Henry, J. Charles and J. August, who conducted the business as partners. In 1904, J. August Doppes, father of the plaintiffs, died, leaving a widow and three children, Clara, Alma and August.   They were the plaintiffs in the

actions filed in the court of common pleas. The surviving brothers bought out the interest of J. August and organized a corporation called The J. B. Doppes Lumber Company, which took over the partnership business. The details of this transaction will be hereinafter set forth.

In May, 1906, the grandfather of plaintiffs, John Bernard Doppes, died, leaving the real estate involved here, a lot 300 x 243 feet at Dalton and McLean avenues, Cincinnati, to his two sons, J. Henry and J. Charles, and to the children of his deceased son, J. August, in equal shares. J. Henry then brought a partition suit joining all necessary parties. He was represented by Attorney Louis J. Dolle, who was also the administrator of the estate of J. August Doppes, the father of the plaintiffs. At this time, Clara, the oldest of the plaintiffs, was of age, August was seventeen years old, and Alma was fifteen years of age. Walter C. Taylor filed an answer as attorney for several of the parties in the action, including the mother of the plaintiffs, who acted as their guardian. Harlow C. Farrell was appointed guardian *ad litem* for the minors and filed the answer usual in such cases. Both Taylor and Farrell were associated with Mr. Dolle professionally and had their offices with him. The court ordered partition and commissioners were duly appointed, and, after the usual proceedings, the land was set off by metes and bounds. J. Charles and J. Henry received the two westerly tracts, and present plaintiffs received the easterly tract, each of which was of the same dimensions.

The contention of the plaintiffs is that the parcel of land set off to them was much less valuable than

the parcels acquired in the partition proceedings by the uncles, and that by reason of the relationship of the parties, and the fact that the same attorney or his associates acted for all of them, the transaction was at least constructively fraudulent. They prayed that the partition proceedings of 1907 be set aside.

The trial court, after rendering an opinion in which he stated that he found no fraud in the transaction, dismissed the petition, and plaintiffs prosecute error to this court.

The gist of plaintiff's contention is that the property which they received was of less value than that which their uncles got, and evidence of real estate experts was offered to sustain their contention. In view of the statements of these experts on cross-examination, to the effect that the land on the east side of that belonging to the plaintiffs was at least equal in value to that of the uncles, which is to the west of plaintiffs' land, and for other reasons connected with their credibility, the court attached no weight to the expert testimony, and found in substance that the property which the plaintiffs owned was as valuable as the other two parcels of similar size.

It was the function of the trial judge to determine the weight and credibility of the testimony. We do not find that his determination is against the weight of the evidence. The case is not one like *Long et al.* v. *Mulford*, 17 Ohio St., 484, or *Murr* v. *Murr*, 5 O. L. R., 125, where advantage had been taken of minors. If there was any presumption arising from the relations of the parties, such presumption was rebutted when it appeared

that the plaintiffs received their fair share, and the burden was upon plaintiffs to establish fraud by clear and convincing proof. *McAdams* v. *McAdams*, 80 Ohio St., 232, 243, and *Willis* v. *Baker*, 75 Ohio St., 291.

There is no error in the judgment in the first case with respect to the partition proceedings.

In the second suit complaint is made of the settlement of the business in which the father of the plaintiffs was a partner. At his death, Mr. Dolle was appointed his administrator. The mother was guardian of the children, and there was merit in the contention that it might be inadvisable to have her also act as administratrix of the estate of their father, as their interests might be in conflict. At any rate, it does not show bad faith on the part of the defendants.

Regular proceedings in the probate court were had in 1904, following the death of J. August Doppes, the father of the plaintiffs. The probate court appointed as commissioners William J. O'Neill, Newbold Pierson and Henry W. Meier, the last two of whom were familiar with the lumber business. They returned their appraisement to the probate court, showing assets of the partnership of the total value of $52,293.56. All parties, including the widow, consented to an entry approving and confirming this inventory and appraisement, which was filed on February 20, 1904. In accordance with the usual practice in the management of their partnership affairs, the members of the firm in January preceding the death of J. August Doppes had taken an inventory and made an appraisement of the assets of the business. It

appears that they had estimated the total value as a going concern at $72,920.29. In the final settlement of the estate of J. August Doppes, deceased, one-third of this larger amount was paid, and there is an admitted lack of proof of any unfairness, except in so far as the same is established by the following:

The firm was a going concern with an established business and the contention is that no payment was made for the good-will of the concern. The trial court held that there was no fraud or unfairness in the transaction and rendered a decree in favor of the defendants. The defendants below, who are defendants in error here, urged that the $72,920.29 valuation by the members of the firm necessarily included the item of good-will, because the value of the items or assets were appraised as part of a going concern and not upon their separate value as chattels, and in support of their contention cite *Rammelsberg et al.* v. *Mitchell et al.,* 29 Ohio St., 22. The trial judge held that the sum of approximately $25,000, which the estate received as its share of the partnership assets, was its fair value, and he points out that the net profits of the firm had been small and the good-will was not a matter of great consequence.

In view of the facts shown by the record, coupled with the valuation of less than $53,000 by the appraisers, we can not say that the decision of the trial judge is contrary to the evidence.

It is further contended by defendant in error, on the authority of *McBride* v. *Vance,* 73 Ohio St., 258, and *Davis* v. *Corwine,* 25 Ohio St., 668, that the right of action, if any there was, belonged

to the administrator, and the next of kin may not bring the suit. It is true that if the allegations of the petition and the proof made out a case wherein there was collusion between the administrator and the defendants, an action might be brought by the next of kin, joining the administrator as a party defendant. See *Buchanan* v. *Buchanan,* 75 N. J. Eq., 274, and note to same, 22 L. R. A., N. S., 454. The administrator is not a party to these proceedings, nor do the pleadings contain any allegations which warrant the court in considering such a charge of collusion. On this point also the position of the defendants in error is well taken. The filing and confirmation of a final account and the settlement and closing of the estate do not give plaintiffs a right of action. See *Puder* v. *Agler,* 242 Fed. Rep., 95, and authorities cited.

The judgments will be affirmed.

*Judgments affirmed.*

Hamilton and Cushing, JJ., concur.